## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SHARIF HASSAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE NO.** |
| ) | |
| **v.** ) | **1:21-CV-04629-TWT** |
| ) | |
| **CITY OF ATLANTA, ATLANTA** ) | |
| **POLICE OFFICER FRANCESCA** ) | |
| **BARBER, ID No. 6428 sued in her** ) | |
| **individual capacity; JANE AND JOHN** ) | |
| **DOES Nos. 1-2, all current or former** ) | |
| **employees of the Atlanta Police** ) | |
| **Department sued in their individual** ) | |
| **capacities,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' CITY OF ATLANTA AND OFFICER FRANCESCA BARBER INITIAL DISCLOSURES

**(1)** **If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons.**

Defendant City of Atlanta and Officer Francesca Barber ("Defendants") are properly identified in the Complaint.

**(2) Provide the names of any parties whom Defendant contends are necessary parties to the action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**
Not applicable.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.**

On or about May 25, 2020, Minneapolis police officers arrested George Floyd, an African American man, after a convenience store employee called 911 and reported to the police that Mr. Floyd had bought cigarettes with a counterfeit bill. While handcuffed, Mr. Floyd was unconscious and pinned beneath three police officers, showing no signs of life. Bystander video of the encounter went viral. The release of the video incited large protests across the United States and the world. The protests took place during the COVID-19 pandemic. The National Guard was activated in at least 21 states, and many cities, including Atlanta, Georgia. A series of protests over a two-week span primarily centered around Centennial Olympic Park in downtown Atlanta.

On May 30, 2020, the City of Atlanta's (the "City")  mayor issued Executive Orders 2020-92, declaring "an emergency to exist when, in the mayor's opinion, there is an extreme likelihood of destruction of life or property due to an unusual condition of the violence…" and instituted emergency curfew regulations to begin at 9:00 p.m. and end sunrise, for seventy-two (72) hours, among other necessary provisions due to the escalation of violence and destruction during protests and demonstrations within the City. Georgia's governor activated Georgia's National Guard, with over a thousand troops deployed to Atlanta the following day. The City instituted Emergency Executive Orders 2020-92 and 2020-94 as public safety measures due to the violence that occurred in Atlanta during the protests.

On June 1, 2020, personnel from the National Guard, Atlanta Police Department, and the Federal Bureau of Investigation were stationed in downtown Atlanta, including Defendant Barber. The Atlanta Police Department began arresting individuals that remained in downtown Atlanta after curfew. Officer Barber advised Plaintiff Sharif Hassan ("Plaintiff") to leave or face arrest. Plaintiff did not leave, and thus he was arrested.

Unbeknownst to Officer Barber, Plaintiff Hassan was a freelance journalist. During the arrest, Plaintiff did not inform Officer Barber that he was a member of the media, nor did he provide media credentials or any other paraphernalia that would identify him as such. Following his arrest, Officer Barber escorted Plaintiff to an outdoor processing area near the CNN Center for intake, and all items on Plaintiff's person were taken for inventory. Plaintiff was then transported to the Atlanta City Detention Center. Defendants deny that Plaintiff's arrest was made in retaliation for his filming another arrest beforehand. Defendants deny any and all claims of malicious prosecution, as Defendant Barber had probable cause to arrest Plaintiff.

Based on the facts, it is clear that Officer Barber is entitled to qualified immunity and the City is entitled to sovereign immunity for all causes of action in this matter.

Lastly, the City does not have any evidence that Plaintiff submitted an open records request. The City received general open records requests from the University of Georgia's First Amendment Clinic; however, the open records requests were not submitted on behalf of Plaintiff or Plaintiff's undersigned counsel. In the open records request referred to in the Complaint, the First Amendment Clinic sought to obtain communication between the City's Mayor's Office and Law Department. The City properly objected, as the City in entitled to protections of attorney-client privilege and work product as outlined in the Georgia Civil Practice Act and Georgia Rules of Professional

Conduct. Therefore, Defendants thus deny Plaintiff's claims of any open records violations.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

<u>STATUTES</u>

O.C.G.A. § 50-18-73

O.C.G.A. § 50-18-72(a)(41)

<u>CASE LAW</u>

*Ward v. Rock Against Racism*, 491 U.S. 781 (1989)

*Menotti v. City of Seattle,* 409 F.3d 1113 (9th Cir. 2005)

*Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171 (11th Cir. 1993)

*McDowell v. Brown,* 392 F.3d 1283 (11th Cir. 2004)

*Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978)

*City of Canton, Ohio v. Harris,* 489 U.S. 378 (1989)

*Crosby v. Monroe Cnty.,* 394 F.3d 1328 (11th Cir. 2004)

*Gates v. Khokhar,* 884 F.3d 1290 (11th Cir. 2018)

*Pearson v. Callahan,* 555 U.S. 223 (2009)

*Wood v. Kesler,* 323 F.3d 872 (11th Cir. 2003)

*Bell v. Neukirch,* 979 F.3d 594 (8th Cir. 2020)

*Colorado v. Bertine,* 479 U.S. 367 (1987)

*Cellular One, Inc. v. Emanuel County, Alltel Mobile Communications of Georgia, Inc.*, 227 Ga. App. 197 (1997)

*Mayor and Aldermen of the City of Savannah v. Herrera*, 343 Ga.App. 424 (2017)

*Pilgrim v. City of Atlanta, Georgia,* No. 1:21-CV-2472-TWT, 2022 WL 797584 (N.D. Ga. Mar. 16, 2022)

Defendants reserve the right to supplement this response as discovery progresses in this case.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

1. All individuals named and identified in Plaintiff's Complaint and Initial Disclosures
2. Officer Francesca Barber, City of Atlanta Police Department
3. Amber Robinson, Supervisory Senior Attorney, City of Atlanta Law Department in re: open records request

Defendants reserve the right to supplement this response as discovery progresses in this case.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Defendants have not retained any expert witnesses in this matter. Defendants reserve the right to amend this response.

**(7) Provide a copy of, or description by category and location of, all documents, data, compilations or other electronically stored information, and tangible things in your possession custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Document in the Defendants' possession may include the following categories:

1. Body worn camera footage of Officer Barber concerning the subject incident
2. Plaintiff's arrest records and court records concerning the subject incident
3. Resident property receipt
4. Movement Log
5. Facility Log Extract
6. Daily In and Daily Out documents

Defendant reserves the right to supplement this list as discovery continues.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of the injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P 34.**

Defendant has no damages except costs and fees for defending this action.

**(9) If defendants contend that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendants in this matter, state the full**

**name, address and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendant is not claiming, at this time, that some other person or entity is liable to Plaintiff.

**(10)     Attach for inspection and copying under F.R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgement which may be entered in this action or to indemnify or reimburse from payments to satisfy the judgement.**

Defendant has no such insurance coverage.

Respectfully submitted this 15th day of July 2022.

BY:     <u>/s/ Hermise Pierre</u><br>
<b>LAURA T. YELLIG</b><br>
<b>Attorney</b><br>
Georgia Bar No. 982299<br>
(470) 522-9115 <i>cell</i><br>
ltyellig@atlantaga.gov<br>
<b>HERMISE PIERRE</b><br>
<b>Assistant Attorney II</b><br>
Georgia Bar No. 597541<br>
(470) 898-8177 <i>Direct</i><br>
(404) 225-5772 <i>Fax</i><br>
hpierre@atlantaga.gov

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Telephone: (404) 546-4100
Fax: (404) 588-3239

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **SHARIF HASSAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **v.** | ) | **1:21-CV-04629-TWT** |
| | ) | |
| **CITY OF ATLANTA, ATLANTA** | ) | |
| **POLICE OFFICER FRANCESCA** | ) | |
| **BARBER, ID No. 6428 sued in her** | ) | |
| **individual capacity; JANE AND JOHN** | ) | |
| **DOES Nos. 1-2, all current or former** | ) | |
| **employees of the Atlanta Police** | ) | |
| **Department sued in their individual** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATION

I hereby certify that this document has been prepared in Times New Roman

font, 14 point, in compliance with LR 5.1C of this Court.

BY:   */s/ Hermise Pierre*
        **HERMISE PIERRE**
        **Assistant Attorney II**
        Georgia Bar No. 597541
        (470) 898-8177 *Direct*
        hpierre@atlantaga.gov

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Telephone: (404) 546-4100
Fax: (404) 588-3239

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **SHARIF HASSAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **v.** | ) | **1:21-CV-04629-TWT** |
| | ) | |
| **CITY OF ATLANTA, ATLANTA** | ) | |
| **POLICE OFFICER FRANCESCA** | ) | |
| **BARBER, ID No. 6428 sued in her** | ) | |
| **individual capacity; JANE AND JOHN** | ) | |
| **DOES Nos. 1-2, all current or former** | ) | |
| **employees of the Atlanta Police** | ) | |
| **Department sued in their individual** | ) | |
| **capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have served the foregoing ***DEFENDANTS' CITY OF***

***ATLANTA AND POLICE OFFICER FRANCESCA BARBER INITIAL***

***DISCLOSURE*** upon opposing counsel listed below via this Court's CM/ECF

system and electronic mail as indicated below:

*[Plaintiff's addresses on following page]*

| Gerald Weber | Clare Norins | L. Burton Finlayson |
|---|---|---|
| wgerryweber@gmail.com | cnorins@uga.edu | lbfcourts@aol.com |
| **LAW OFFICES OF GERRY WEBER, LLC** | **FIRST AMENDMENT CLINIC** | **LAW OFFICE OF L. BURTON FINLAYSON, LLC** |
| **Post Office Box 5391** | **University of Georgia School of Law** | **931 Ponce de Leon Avenue, NE** |
| **Atlanta, Georgia 31107** | **Post Office Box 388** | **Atlanta, Georgia 30306** |
| **(404) 522-0507** | **Athens, Georgia 30603** | **(404) 872-0560** |
| | **(706) 542-1419** | |

This 15th day of July 2022.

/s/ *Hermise Pierre*
**HERMISE PIERRE**
**Assistant Attorney II**
Georgia Bar No. 597541
(470) 898-8177 *Direct*
(404) 225-5772 *Fax*
hpierre@atlantaga.gov

***Attorney for Defendants***

**CITY OF ATLANTA DEPARTMENT OF LAW**
55 Trinity Avenue, SW, Suite 5000
Atlanta, Georgia 30303-3520
Telephone: (404) 546-4100
Fax: (404) 588-3239