# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHARIF HASSAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ATLANTA, et al.,<br><br><br><br>    Defendant(s). | Civil Action File No.<br>1:21-CV-04629-TWT |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Plaintiff Sharif Hassan ("Plaintiff") makes the following Initial Disclosures. These Disclosures are made in good faith based upon the information and documents reasonably known and available to Plaintiff at this time. By providing these Initial Disclosures, Plaintiff does not represent that he is identifying every document, tangible thing, or witness possibly relevant to this action. Plaintiff therefore reserves the right to supplement or amend these Disclosures, as necessary, as additional information becomes available or is disclosed in discovery or otherwise.

1

Plaintiff makes the following Disclosures without waiving, and while expressly reserving, all protections afforded by the attorney-client privilege and the work-product doctrine.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

As stated more fully in the First Amended Complaint, Defendants City of Atlanta ("City") and Atlanta Police Officers Francesca Barber and John/Jane Does Nos. 1 & 2 violated Plaintiff's rights under: 42 U.S.C. § 1983; the First, Fourth, and Fourteenth Amendments of the United States Constitution; the federal Privacy Protection Act, 42 U.S.C. § 2000aa, *et seq.*; and the Georgia Open Records Act, *O.C.G.A. § 50-18-70, et seq.*[1]

Plaintiff was working as a photojournalist when he was arrested during a Black Lives Matter protest in downtown Atlanta on June 1, 2020, moments after he started recording the arrest of another individual on a public city street. Plaintiff was arrested pursuant to the City's policy of disparately enforcing its

---

[1] Plaintiff reserves the right to move to further amend his pleadings to add additional defendants under a relation-back and tolling argument if discovery identifies additional individuals who would have been timely identified as proper defendants had the City complied with its obligations under the Georgia Open Records Act, O.C.G.A. § 50-18-70, *et seq.*, to respond to Plaintiff's counsel's pre-litigation records requests.

overly broad 9PM-to-sunrise curfew against some journalists but not others. Plaintiff's arrest was in retaliation for his engaging in the protected First Amendment activity of recording law enforcement officers on duty in a public place. Plaintiff's arrest also interfered with and halted his First Amendment right to record.

Once arrested, Plaintiff's work product was seized, including two camera memory cards containing photographs of Atlanta protest events that Plaintiff had taken on previous days. These two memory cards were never returned to him.

After Plaintiff's arrest, he was detained overnight at the Atlanta City Detention Center. He was denied the ability to make any phone calls, was forced to change into an orange jumpsuit, and spent most of the night painfully handcuffed in a solitary cell, separated from the other arrestees from the demonstration. Plaintiff was one of the last of those arrestees to be released the following day.

After the City announced that people working after 9 PM, including members of the media, were not subject to the Atlanta Curfew Orders, Defendants continued to prosecute Plaintiff for a curfew violation for more than six months despite lack of probable cause. Ultimately, the charge against Plaintiff was dismissed.

Prior to the filing of this action, the City improperly asserted a blanket privilege over documents relating to Plaintiff's arrest that Plaintiff's counsel requested pursuant to Georgia's Open Records Act.

Defendants' foregoing acts give rise to the following claims:

First, the City, acting through its then-Mayor as the final policy maker, included First Amendment-protected newsgathering within the scope of Executive Orders 2020-92 and 2020-94 that imposed a 9 PM-to-sunrise curfew (hereinafter "Atlanta Curfew Orders"), which was not necessary to maintain order. Put another way, the City did not to explicitly exempt protected newsgathering from the Atlanta Curfew Orders, which was not necessary to maintain order. Additionally, assuming the Atlanta Curfew Orders served the significant government interests of promoting public safety and preventing violence or property damage, they were not "narrowly tailored" because on their face they prevented all persons, regardless of their purpose or activity, from being present on public streets or sidewalks. The Atlanta Curfew Orders exempted only individuals traveling through the City by vehicle. The Atlanta Curfew Orders as written and enforced on the then-Mayor's authority failed to leave open "ample alternative channels" for newsgathering and communication by the press. This rendered the Atlanta Curfew Orders overly broad and in violation of Plaintiff's First Amendment right to engage in newsgathering in public places.

Second, the then-Mayor, as the final policy maker for the City regarding the Atlanta Curfew Orders, authorized a policy or practice of exempting some members of the media from the 9 PM curfew, but not others. Specifically, some journalists were allowed to work after 9 PM while the curfew was in place, yet Plaintiff was arrested while engaged in the same work. This unequal treatment and discriminatory enforcement violated the Fourteenth Amendment's Equal Protection Clause, as well as Plaintiff's First Amendment Rights.

Third, Defendant Atlanta Police Department (APD) Officers Francesca Barber and John/Jane Does Nos. 1 & 2[2] violated Plaintiff's First Amendment right to record by physically preventing him from continuing to photograph the public arrest of another individual from a safe distance away and without interfering. These Defendants also arrested Plaintiff in retaliation for his exercising his right to record.

Fourth, Defendants Barber, Does Nos. 1 & 2, and unidentified Atlanta Department of Corrections (ADC) officers[3] violated Plaintiff's Fourth Amendment Rights by seizing his work product without a warrant, which consisted of his camera with a memory card inside of it, and memory cards he was carrying in his pocket that contained photographs of Atlanta protest events

---

[2] *See* note 1, above.
[3] *See* note 1, above.

from prior days. The memory cards that were seized without a warrant from Plaintiff's pocket were never returned to him. This unreasonable seizure deprived Plaintiff of income and professional advancement opportunities, and deprived the public of newsworthy images.

Fifth, Defendants Barber, Does Nos. 1 & 2, and unidentified ADC officers[4] violated the federal Privacy Protection Act, 42 U.S.C. § 2000aa, *et seq.* by seizing Plaintiff's memory cards without a warrant or probable cause and failing to return them such that Defendants prohibited Plaintiff from publishing or selling his images. This deprivation caused Plaintiff economic damages and loss of professional opportunity and deprived the public of newsworthy images.

Sixth, Defendants City, Officer Barber, Does Nos. 1 & 2, and other unidentified City employees[5] unlawfully seized, falsely arrested, and maliciously prosecuted Plaintiff who, on the night of June 1, 2020, informed Office Barber and Does Nos. 1 & 2 that he was working as a freelance photojournalist and was ignored. Even after the City, acting through the then-Mayor as final policy maker, announced that people working after 9 PM, including members of the media, were not subject to the curfew, Defendants continued to prosecute

---

[4] *See* note 1, above.
[5] *See* note 1, above.

Plaintiff without probable cause. The Defendants displayed malice and reckless disregard for Plaintiff's Fourth Amendment Rights.

Lastly, the City of Atlanta violated Plaintiff's rights under Georgia's Open Records Act, O.C.G.A. 50-18-70, *et seq*. The City Law Department failed to timely produce requested records relating to Plaintiff's arrest and instead improperly asserted a blanket privilege in an attempt to justify their withholding of all responsive records.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which the plaintiff contends are applicable to this action.**

## Cases:

- *Abella v. Smith*, 522 Fed. Appx. 872 (11th Cir. 2013)
- *ACLU of Ill. v. Alzarez*, 679 F.3d 583 (7th Cir. 2012)
- *Am. Broadcasting Companies, Inc. v. Cuomo*, 570 F.2d 1080, 1083 (2d Cir. 1977)
- *Anderson v. City of Atlanta*, 1:11-CV-3398-SCJ (N.D. Ga. Mar. 22, 2012), Settlement Order and Contempt Order awarding attorneys' fees against City of Atlanta
- *Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st Cir. 1986)
- *Angelico v. State of La.*, 593 F.2d 585, 588 (5th Cir. 1979)
- *Aptive Evntl., LLC v. Town of Castle Rock*, 959 F.3d 961 (10th Cir 2020)
- *Baumann v. City of Cumming*, No. 2:07-CV-0095-WCO, 2007 WL 9710767 (N.D. Ga. Nov. 2, 2007)
- *Borreca v. Fasi*, 369 F.Supp. 906 (D.Haw. 1974)
- *Bowens v. Superintendent of Miami South Beach Police Dept.*, 557 Fed. Appx. 857, 863 (11th Cir. 2014)
- *Branxberv v. Hayes*, 408 U.S. 665(1972)
- *Cable News Network, Inc. v. American Broadcasting Companies, Inc.*, 518 F.Supp. 1238, 1245-46 (N.D. Ga. 1981)
- *City of Chicago Police Dept. v. Mosley*, 408 U.S. 92 (1972)

- *Coffey v. Fayette Cty.*, 280 Ga. 656, 657 (2006)
- *Cooper v. Dillon*, 403 F.3d 1208 (11th Cir. 2005)
- *Dunn v. City of Fort Valley*, 464 F.Supp.2d 1347 (M.D.Ga. 2020)
- *Fordyc v. City of Seattle*, 55 F.3d 436 (9th Cir. 1995)
- *Gericke v. Begin*, 753 F.3d 1 (1st Cir. 2014)
- *Glik v. Cunniffe*, 655 F.3d 78 (1st Cir. 2011)
- *Gold Coast Pub'ns v. Corrigan*, 42 F.3d 1336, 1344 (11th Cir. 1994)
- *Grady v. Unified Gov't of Athens-Clarke Cty.*, 289 Ga. 726 (2011)
- *Grayned v. City of Rockford,* 408 U.S. 104, 114 (1972)
- *Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010)
- *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996)
- *Iacobucci v. Boulter*, 193 F.3d 14 (1st Cir 1999)
- *Jenkins by Hall v. Talladega City Bd. of Educ.*, 115 F.3d 821, 826 n. 4 (11th Cir. 1997)
- *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701) (1986)
- *Larson v. City of Minneapolis,* 568 F. Supp. 3d 997 (D. Minn. 2021)
- *Leigh v. Salazar*, 677 F.3d 892 (9th Cir. 2012)
- *Menotti v. City of Seattle*, 409 F.3d 1113, 1125 & n.16 (9th Cir. 2005)
- *Mills v. Alabama*, 384 U.S. 214 (1966)
- *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690 (1978)
- *Napstek v. Norwich*, 545 F.2d 815 (2d Cir. 1976)
- *Nicholas v. Bratton*, 376 F.Supp.3d 232, 250, 259, 288 (S.D.N.Y. 2019)
- *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019)
- *Ortiz v. City of New York*, 2013 WESTLAW 5339156, *3 (S.D.N.Y 2013)
- *Palmer v. City of Euclid, Ohio,* 402 U.S. 544 (1971)
- *Pilgrim v. City of Atlanta,* 2022 WL 797584, at *3 (N.D. Ga. Mar. 16, 2022
- *Richmond Newspapers Inc. v. Commonwealth of Virginia*, 448 U.S. 555, 577 (1980)
- *Ricks v. District of Columbia*, 414 F.2d 1097 (D.D.C. 1968)
- *Sherrill v. Knight*, 569 F.2d 124, 129 (D.C. Cir. 1977)
- *Smith v. Avino*, 91 F.3d 105 (11th Cir. 1996), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)
- *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000)
- *Smith v. Goguen,* 415 U.S. 566, 576 (1974)
- *State v. Miller*, 398 S.E.2d 547 (1990)
- *Telemundo of Los Angeles v. City of Los Angeles*, 283 F.Supp.2d 1095 (C.D. Cal. 2003)

- *Thompson v. City of Clio*, 765 F. Supp. 1066, 1073 (M.D. Ala. 1991)
- *Tinius v. Choi*, No. CV 21-0907 (ABJ), 2022 WL 899238 (D.D.C. Mar. 28, 2022)
- *Tisdale v. Gravitt*, 51 F. Supp.3d 1378, 1394-1395 (N.D. Ga. 2014)
- *Toole v. City of Atlanta*, 798 Fed.Appx. 381 (11th Cir. 2019)
- *Ward v. Rock Against Racism*, 491 U.S. 781, 798 (1989)
- *Westinghouse Broadcasting Co., Inc. v. Dukakis*, 409 F.Supp. 895 (D.Mass. 1976)
- *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995)
- *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003)
- *WSB-TV v. Lee*, 842 F.2d 1266 (11th Cir. 1988)
- *United States v. Chalk*, 441 F.2d 1277, 1281 (4th Cir. 1971), *cert. denied,* 404 U.S. 943 (1971)
- *United States v. Stevens*, 559 U.S. 460, 473 (2010)
- *United Teachers of Dade v. Stierheim*, 213 F.Supp.2d 1368, 1373–74 (S.D. Fla. 2002)

**Statutes:**

- U.S. Constitution, 1st Amend.
- Atlanta City Code §§ 2-181(a) & (b)(6)
- Ga. Const. Art. I, Sec. I, Para. V
- Atlanta Police Department Standard Operating Procedure Sec. 4.4.1 (1)
- Federal Privacy Protection Act, 42 U.S.C. § 2000aa, et seq.
- Georgia Open Records Act (ORA), O.C.G.A § 50-18-70, *et seq.*
- 42 U.S.C. § 1983
- 42 U.S.C. § 1988
- 28 U.S.C. § 1331
- 28 U.S.C.A. § 1367(c)
- 28 U.S.C. § 1391(b)
- 28 U.S.C. §§ 2201 and 2202

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Plaintiff is in the process of determining the identity and contact information of individuals likely to have discoverable information in this action. Plaintiff will timely supplement this response with this information as it becomes available in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. However, in the interest of providing the most complete disclosures possible, Plaintiff represents that he may call or seek declarations from the following witnesses in support of his claims in this action.

<u>See Attachment A.</u>

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiff does not anticipate using witnesses at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Should the circumstances change, Plaintiff will timely supplement this response in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

    <u>See Attachment C.</u>

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

- Nominal, compensatory, presumed, and other damages to Plaintiff in amount determined by the enlightened conscience of fair and impartial jurors.
- Punitive damages against Officer Barber. To be determined by the enlightened conscience of fair and impartial jurors.
- Actual damages of not less than $3,000 for the Defendants' violation of 42 U.S.C. § 12000aa.
- Civil penalties under the Georgia Open Records Act, see O.C.G.A. § 50-18-74(a).
- Attorneys' fees associated with Plaintiff's criminal defense.

Served this 15th day of July, 2022.

[Signatures on following page]

| | |
|---|---|
| /s/ Gerald Weber<br>Gerald Weber<br>Georgia Bar No. 744878<br>wgerryweber@gmail.com<br>LAW OFFICES OF<br>GERRY WEBER, LLC<br>Post Office Box 5391<br>Atlanta, Georgia 31107<br>(404) 522-0507 (phone) | /s/ Clare Norins<br>Clare Norins<br>Georgia Bar No. 575364<br>cnorins@uga.edu<br>FIRST AMENDMENT CLINIC<br>University of Georgia<br>School of Law<br>Post Office Box 388<br>Athens, Georgia 30603<br>(706) 542-1419 (phone) |

/s/ L. Burton Finlayson
L. Burton Finlayson
Georgia Bar Number: 261460
lbfcourts@aol.com
LAW OFFICE OF
L. BURTON FINLAYSON, LLC
931 Ponce de Leon Avenue, NE
Atlanta, Georgia 30306
(404) 872-0560 (phone)

*Attorneys for Plaintiff Sharif Hassan*

## Attachment A

Officer Francesca Barber
Atlanta Police Department
226 Peachtree St.
Atlanta, GA 30303
404-614-6544
*Knowledge of Plaintiff's arrest, detention, prosecution, and seizure of Plaintiff's property and work produce.*

Keisha Lance Bottoms
Former Atlanta Mayor
P.O. Box 302401
Atlanta, GA 31131
*Knowledge of creation and implementation/application of Executive Orders 2020-92 and 2020-94 (9 PM-to-sunrise curfew) and prosecutions under same.*

Erika Shields
Former Atlanta Police Chief (departed on or about June 12, 2020)
633 W Jefferson Street
Louisville, KY 40202 (current)
502-574-7060 (current)
*Knowledge of implementation/application of Executive Orders 2020-92 and 2020-94 (9 PM-to-sunrise curfew) and prosecutions under same.*

Rodney Bryant
Former Atlanta Police Chief (from on or about June 12, 2020 until April 2022)
226 W Peachtree Street
Atlanta, GA 30303
404-614-6544
*Knowledge of implementation/application of Executive Orders 2020-92 and 2020-94 (9 PM-to-sunrise curfew) and prosecutions under same.*

Kimberly Patrick
City of Atlanta Law Department
55 Trinity Ave SW #1790
Atlanta, GA 30303
404-330-6402
*Knowledge of implementation/application of Executive Orders 2020-92 and 2020-94 (9 PM-to-sunrise curfew) and prosecutions under same.*

Amber Robinson
City of Atlanta Law Department
55 Trinity Ave SW #1790
Atlanta, GA 30303
404-330-6402
*Knowledge of implementation/application of Executive Orders 2020-92 and 2020-94 (9 PM-to-sunrise curfew) and prosecutions under same. Knowledge of City of Atlanta's response to Plaintiff's counsel's pre-litigation Open Records Requests.*

Michael Smith
City of Atlanta Law Department
55 Trinity Ave SW #1790
Atlanta, GA 30303
404-330-6402
*Knowledge of City of Atlanta's response to Plaintiff's counsel's pre-litigation Open Records Requests.*

Kristen Denius
City of Atlanta Law Department
55 Trinity Ave SW #1790
Atlanta, GA 30303
404-546-4100
*Knowledge of City of Atlanta's response to Plaintiff's counsel's pre-litigation Open Records Requests.*

Derek Bauer, Esq.
Baker Hostetler
1170 Peachtree St Ste. 2400
Atlanta, GA 30309
404-256-8425
*Knowledge of application of Executive Orders 2020-92 and 2020-94 (9 PM-to-sunrise curfew) to working members of the media*

Cynthia Counts, Esq.
Fisher Boyles
Resurgens Plaza
945 E Paces Ferry Rd Ste. 2000
Atlanta, GA 30326
404-550-6233
*Knowledge of application of Executive Orders 2020-92 and 2020-94 (9 PM-to-sunrise curfew) to working members of the media*

Christy Thacker
770-500-2670
*Knowledge of Plaintiff's June 1, 2020 arrest*

Matthew Scott
1442 Bouldercrest Rd. SE, Apt. A2
Atlanta, GA 30316
770-354-1856
*Knowledge of Plaintiff's June 1, 2020 arrest and detention*

Eric Nicoletti
770-900-7618
*Knowledge of Plaintiff's photographing Atlanta protests in May/June 2020*

Sean Matter
Contact information to be identified in supplement response
*Knowledge of Plaintiff's June 1, 2020 arrest and detention.*

Allie [Last Name Unknown]
Contact information to be identified in supplement response
*Knowledge of Plaintiff's June 1, 2020 arrest and release from jail.*

Plaintiff's family and friends to be identified in supplemental response regarding damages.

# Attachment C

| Document Bates Nos. | Description |
|---|---|
| P0001 | Dismissal of Criminal Charges |
| P0002 | Sharif Hassan's Arrest Citation |
| P0003-P0056 | Sharif Hassan's Municipal Court File |
| P0057-P0058 | Atlanta City Law Department E-mail about Media Exemption to Curfew/Executive Order |
| P0059 | Atlanta Police Department Guidelines for Mayor Bottoms' Curfew Executive Order 2020-92 |
| P0060-P0064 | Atlanta Police Department List of Alleged 2020 Curfew Violation Arrestees |
| **Photographs/Video Labels** | **Description** |
| P0065-P0070 | Photographs taken by Sharif Hassan on 6.1.20 |
| P0071-P0086 | Stills from 6.1.20 video of protest and Sharif Hassan's arrest |
| P0087 | Screenshot of City of Atlanta's 6.3.20 social media post regarding exceptions to curfew |
| Video of Hassan Arrest 6.1.20 | Video of Shariff Hassan's arrest |
| Post-Arrest Video 6.1.20 | Video after Hassan was arrested |
| "Into the Current" Podcast https://www.youtube.com/watch?v=pHmWZYH23-0 | June 2020 Interview of Sharif Hassan |
| Day 4 LIVE George Floyd Protest ATL GA https://www.youtube.com/watch?app=desktop&v=Ycmd0xhbNK4 | Livestream Video of June 1, 2020 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

**PLAINTIFF'S INITIAL DISCLOSURES** were served by email on:

**Hermise Pierre**
City of Atlanta Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
hpierre@atlantaga.gov

**Laura Yellig**
City of Atlanta Department of Law
55 Trinity Avenue, Suite 5000
Atlanta, GA 30303
Ltyellig@atlantaga.gov

Submitted this 15th day of July, 2022.

/s/Clare Norins
Clare Norins
Georgia Bar No. 575364